```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
                                                      :
JASMINE TORO,                                         :
                                                      :
                      Plaintiff,                      :
                                                      :   22 Civ. 7366 (JPC)
           -v-                                        :
                                                      :         ORDER
OTGS, LLC,                                            :
                                                      :
                      Defendant.                      :
                                                      :
-----------------------------------------------------------------------X
```

JOHN P. CRONAN, United States District Judge:

On August 29, 2022, Plaintiff sued Defendant for violation of the Americans with Disabilities Act. Dkt. 1. Plaintiff served Defendant with copies of the Summons and Complaint on October 18, 2022. Defendant's deadline to respond to the Complaint was therefore November 9, 2022. *See* Fed. R. Civ. P. 12(a)(1)(A)(i). When Defendant failed to timely respond, the Court extended *sua sponte* its deadline to do so until November 18, 2022. *See* Dkt. 6. The Court also directed Plaintiff to seek a Certificate of Default by November 23, 2022 if Defendant once again failed to respond to the Complaint. *Id.* On December 12, 2022, after Defendant failed to respond and Plaintiff failed to seek a Certificate of Default by November 23, 2022, the Court ordered Plaintiff to submit a letter explaining why the Court should not dismiss this case for failure to prosecute. Dkt. 7. Plaintiff once again failed to comply.

When, as here, a plaintiff has failed to prosecute her case or comply with court orders, a court may dismiss the case under Federal Rule of Civil Procedure 41(b). *See LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir. 2001) ("[I]t is unquestioned that Rule 41(b) . . . gives the district court authority to dismiss a plaintiff's case *sua sponte* for failure to prosecute . . . ."); *Lucas v. Miles*, 84 F.3d 532, 534-35 (2d Cir. 1996) ("Rule 41(b) of the Federal Rules of Civil Procedure

authorizes the district court to dismiss an action when a plaintiff fails to comply with any order of the court."). Courts must consider five factors in deciding whether to dismiss a case under Rule 41(b):

> (1) the duration of the plaintiff's failure to comply with the court order, (2) whether plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal.

*Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996).

Here, the five factors point toward dismissing Plaintiff's case without prejudice. First, Plaintiff has ignored two of this Court's orders for several weeks. *See Sanders v. Ramos*, No. 12 Civ. 5302 (GBD) (JCF), 2013 WL 594229, at *1 (S.D.N.Y. Feb. 14, 2013) (dismissing case under Rule 41(b) because the "[p]laintiff ha[d] failed to comply with three court orders . . . and was put on notice that failure to comply could result in dismissal"). Second, the Court warned Plaintiff that failure to comply would result in the case being dismissed without prejudice. *See* Dkt. 7. Third, the Court may presume prejudice when a plaintiff's delay is "lengthy and inexcusable." *U.S. ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 256 (2d Cir. 2004). "The delay here i[s] inexcusable: Plaintiff has not complied with the Court's directives and has not taken any steps to advance this matter despite multiple Orders directing him to do so." *Urgiles v. Dep't of Corr. of New York State*, No. 20 Civ. 4373 (PMH), 2021 WL 3682238, at *3 (S.D.N.Y. Aug. 19, 2021). Fourth, after balancing the need to alleviate court congestion with Plaintiff's right to due process, the Court has determined that dismissal is appropriate. "Noncompliance with court orders undermines the ability of the Court to manage its docket and dispense justice to all litigants in an expeditious manner." *Id.* (quotations and alteration omitted). And lastly, fifth, the Court has further considered the possibility of a less drastic sanction than dismissal; indeed, the Court granted Plaintiff an additional chance to

comply with the Court's orders as a less drastic sanction than dismissal. However, "[P]laintiff appears to have abandoned the litigation, [so] dismissal is appropriate." *Id.*

The Court therefore dismisses this case without prejudice. The Clerk of Court is respectfully directed to close this case.

SO ORDERED.

Dated: December 19, 2022
      New York, New York

_____
JOHN P. CRONAN
United States District Judge